UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| C & F Enterprises, Inc.,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>OBA Canvas Co.,<br><br>Jennifer James,<br><br>Melissa Bussler,<br><br>and<br><br>Charles Bradley,<br><br>　　　Defendants. | Civil Action No.<br><br>**ORIGINAL COMPLAINT OF C & F ENTERPRISES, INC. FOR DECLARATORY JUDGMENT AND TORTIOUS INTERFERENCE** |

**COMPLAINT**

Plaintiff, C & F Enterprises, Inc. ("C&F"), through its undersigned counsel, complains and alleges against OBA Canvas Co., Jennifer James, Melissa Bussler, and Charles Bradley (collectively, "OBA"), as follows:

**Nature of the Action**

1.　OBA has alleged that C&F is infringing OBA's alleged trademark rights and copyright by selling a pillow with a decorative, ornamental feature; specifically, a pillow embroidered with the message, "MERMAID sleeps here." C&F denies that it has infringed any valid trademark rights or copyright owned by OBA relating to any pillows or pillow products. OBA has sent a cease & desist letter to C&F regarding this matter, attached as Exhibit A.

2. Plaintiff C&F seeks declaratory judgment of non-infringement of alleged trademark rights asserted against C&F by Defendants OBA in trademark Registration No. 5,052,861 for A MERMAID SLEEPS HERE for Pillows, Embroidered pillows, Accent pillows, Throw pillows ("the Mark"), a purported copy of which is also shown in Exhibit A.

3. Plaintiff C&F seeks declaratory judgment of invalidity and/or unenforceability of the Mark.

4. Plaintiff C&F seeks a declaratory judgement that it has not infringed any copyright rights or other rights of Defendants resulting from C&F's selling an aesthetically functional pillow bearing the phrase "Mermaid Sleeps Here".

5. Plaintiff C&F seeks appropriate damages due to Defendants' tortious interference with Plaintiff's contractual relations and business expectancy under the laws of the Commonwealth of Virginia.

**The Parties**

6. C & F Enterprises, Inc. is a company organized and existing under the laws of the State of Virginia, with a principal place of business at 819 Blue Crab Road, Newport News, VA 23606.

7. Upon information and belief, OBA Canvas Co. is an unincorporated and unregistered business in the State of Alabama with an address at 4161 Orange Beach Blvd., Orange Beach, AL 36561. Upon information and belief, Jennifer James and Melissa Bussler are individuals residing in the State of Alabama with an address at 26653 Terry Cove Dr., Orange Beach, AL 36561. Upon information and belief, Charles Bradley is an individual residing in the State of Alabama. Upon information and belief, Jennifer James, Melissa Bussler, and Charles Bradley do business under the name OBA Canvas Co., including through the interactive web site

http://www.obacanvasco.com/, through an online Etsy store at the interactive web site https://www.etsy.com/shop/OBACanvasCo, and through other interactive online retailers such as Amazon.com.

## Jurisdiction and Venue

8. This is an action for declaratory judgment arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act").

9. This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and supplemental jurisdiction over the related Virginia law claims under 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over OBA in accordance with Virginia's long-arm statute, VA Code Ann. § 8.01-328.1(A)(1), (2), and (3), as recognized in *Aitken v. Commc'ns Workers of Am.*, 496 F. Supp. 2d 653, 661 (E.D. Va. 2007). First, on information and belief, OBA transacts business in Virginia (and this judicial district) and contracts to supply services or things in Virginia (and this judicial district), at least because OBA advertises, promotes, offers to sell, contracts to sell, sells, and/or distributes products to potential customers and/or customers in Virginia (and this judicial district) through OBA's website, http://www.obacanvasco.com/, and online retailers such as Amazon.com and Etsy.com. Second, OBA has caused tortious injury by an act in Virginia (and this judicial district).

11. Therefore, OBA's acts giving rise to this lawsuit and harm to C&F occurred in the State of Virginia, including in this District.

12. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b).

## Background

13. C&F is a business based in Newport News, Virginia, established in 1976.

3

14. C&F manufactures and sells, to distributors, home décor and gifts. Specifically, C&F produces shower curtains, towels, bed skirts, quilts, shams, decorative pillows, aprons, bibs, burp cloths, wine bags, pot holders, oven mitts, rugs, window treatments, and more.

15. C&F maintains a web domain, through which C&F receives emails, at http://www.cnfei.com. C&F's web domain is hosted by Cox Communications which, on information and belief, hosts the domain on computer servers located in Virginia Beach, Virginia.

16. OBA holds itself out as a provider of marine canvas and upholstery products, including pillows with decorative designs.

17. OBA sells products over the Internet via its website, http://www.obacanvasco.com. OBA's website is interactive, and allows any visitor to view OBA's products, add those products to a shopping cart, input credit card information, and complete a purchase transaction to be shipped anywhere within the United States, among other places.

18. OBA also sells products over the Internet via an Etsy shop, at https://www.etsy.com/shop/OBACanvasCo. OBA's Etsy shop is interactive, and allows any visitor to view OBA's products, add those products to a shopping cart, input credit card information, and complete a purchase transaction. OBA's customers can also review OBA's products after having made purchases through OBA's Etsy shop.

19. In addition, OBA sells products over the Internet via Amazon.com, at https://www.amazon.com/handmade/OBA-Canvas-Co. Amazon is an interactive website, and allows any visitor to view OBA's products, add those products to a shopping cart, input credit card information, and complete a purchase transaction. OBA's customers can also review OBA's products on OBA's Amazon listings.

20. On information and belief, Amazon maintains computer servers in Virginia, and in this judicial District.

21. One of the types of products that OBA sells is decorative pillows.

4

**OBA's Trademark Registration**

22. On September 28, 2015, OBA submitted an application to the U.S. Patent and Trademark Office ("USPTO") for trademark registration under Section 1(a)—an application based on actual use in commerce—for the mark A MERMAID SLEEPS HERE, and was assigned application serial no. 86/770,744.

23. With the application, OBA submitted a photograph of a pillow embroidered with the words, "A MERMAID SLEEPS HERE," reproduced below:



**Illustration 1: Specimen rejected by USPTO in OBA's trademark application**

24. On January 22, 2016, the USPTO issued an Office Action rejecting OBA's application, stating that "[r]egistration is refused because the applied-for mark as used on the specimen of record is merely a decorative or ornamental feature of the goods and, thus, does not function as a trademark to indicate the source of applicant's goods and to identify and distinguish them from others. . . . The applied-for mark, as used on the specimen, would be perceived as

5

merely a decorative or ornamental feature of the goods because of its size and location on the goods. Consumers are used to seeing messages on pillow [sic] and references to mermaid [sic]."

25. On May 19, 2016, OBA amended its application to include a substitute specimen, which consisted of two photographs, showing a pillow with a tag that states, "a Mermaid sleeps here." The two photographs submitted with OBA's amendment are reproduced below:




**Illustration 2: Substitute specimen submitted by OBA in its trademark application**

26. On October 4, 2016, the U.S. Patent and Trademark Office subsequently issued Trademark Reg. No. 5,052,861, for the mark A MERMAID SLEEPS HERE, for use in Class 20: Pillows, Embroidered Pillows, Accent Pillows, and Throw Pillows.

27. On information and belief, after obtaining the registration, OBA did not use the mark as a trademark, but instead continued using the mark functionally in a non-trademark fashion, as a merely decorative or ornamental feature of pillows. For example, as of April 20, 2017, the images of pillows for sale on OBA's website do not include pillows with tags similar to the tag depicted in the specimen submitted to the USPTO as part of OBA's amended trademark application. *See* Exhibit H. Instead, the images of the pillows for sale on OBA's website resemble the pillow submitted as the original specimen of use with OBA's application,

at least because the pillows include tags with the OBA Canvas Co. logo, and do not include the "A Mermaid Sleeps Here" tag. An example pillow for sale on OBA's website is reproduced below:



**Illustration 3: Pillow for sale on OBA's website as of April 18, 2017, using a different tag than the one OBA depicted to obtain its trademark registration**

### OBA's Threats to C&F and Interference with C&F's Business Relationships

28. On February 13, 2017, OBA sent an email to C&F, alleging that C&F was infringing OBA's trademark. OBA sent the email to C&F via C&F's web domain, cnfei.com. *See* Exhibit B. C&F's web domain, through which C&F receives business email, is hosted by Cox Communications on at least one computer server located in Virginia. By sending the March 6 email to C&F, therefore, OBA used a Virginia computer or computer network by causing the

7

Virginia computer or computer network to perform or stop performing computer operations—to wit, receiving OBA's email.

29. Specifically, OBA stated, "The blue pillow (Mermaid Sleeps Here) that you are currently selling is a direct violation and dissolution [sic] of our trademark." *See* Exhibit C.

30. An image of the pillow that C&F sells is reproduced below:



**Illustration 3: C&F's non-infringing pillow**

31. On February 17, 2017, C&F, through undersigned counsel, responded to OBA, explaining that C&F's "use of the words 'Mermaid Sleeps Here' on the face of a pillow is decorative in nature, and is not used as an indicator of the source or origin of a product." C&F further pointed out that the USPTO had rejected OBA's initial trademark application "because the applied-for mark as used on the specimen of record was merely a decorative or ornamental feature of the goods and, thus, did not function as a trademark to indicate the source of your goods and to identify and distinguish them from others. . . . Only after you submitted an image of the mark on a tag of a pillow was your application granted." (emphasis in original). C&F explained "that if a design is solely or merely ornamental and does not also identify and distinguish source, then its use is not trademark use," and therefore C&F's "decorative use is not an infringement of [OBA's] trademark rights." (emphasis in original). *See* Exhibit C.

8

32. On February 17, 2017, OBA sent a responsive email to C&F's counsel, stating that C&F's "decorative use' of our trademark is absolutely a direct violation and dissolution [sic] of our mark." *See* Exhibit D.

33. On March 6, 2017, OBA sent another email to C&F's counsel, threatening legal action if C&F did not stop selling its non-infringing pillow. *See* Exhibit E.

34. On March 6, 2017, OBA also sent another email to C&F directly, **as well as to at least one of C&F's customers**, further alleging that C&F's pillow "is infringing not only on our trademark, but also on our copyright for that design." *See* Exhibit F.

35. OBA sent its March 6 email to C&F via C&F's web domain, cnfei.com. See Exhibit F. C&F's web domain, through which C&F receives business email, is hosted by Cox Communications on information and belief on at least one computer server located in Virginia. By sending the March 6 email to C&F, therefore, OBA used a Virginia computer or computer network by causing the Virginia computer or computer network to perform or stop performing computer operations—to wit, receiving OBA's email.

36. In the March 6, 2017, email to C&F and C&F's customer, sent via a Virginia computer server, OBA further admitted that OBA has attempted to coerce *more than one* of C&F's customers to stop selling at least one of C&F's products by threatening legal action against C&F's customers if they continue to sell at least one of C&F's products. Specifically, OBA stated, "We have also reached out to several companies that are selling your 'Mermaid Sleeps Here' pillow. They seem to believe that it is not illegal for them to sell the pillow since they are simply a vendor and not the retailer. This is incorrect. As the retailer, I would think that you would want to protect your vendors from any legal action they will incur based on your Infringement. . . ." *See* Exhibit F (emphasis added).

37. In the March 6, 2017, email to C&F and C&F's customer, sent via a Virginia computer server, OBA also directly threatened legal action against C&F and C&F's customer: "If you do not cease the current Infringement of our trademark and design copyright, we will be

forced to take appropriate legal action against you and your vendors. We will seek all available damages and remedies." *See* Exhibit F.

38. On March 10, 2017, OBA sent another two emails to C&F's counsel, stating that "we cannot sit by and allow you to bully us and to allow C & F to infringe on our federal trademark, steal our copyrighted design, and monetarily profit." OBA further stated a demand that "C & F and their vendors immediately cease and desist using our brand per our Federal Trademark and our copyrighted design." OBA also stated, "we will also be seeking all attorney fees, damages, and all remedies available against C & F and their vendors." *See* Exhibit G.

39. In the March 10 email, OBA threatened to further interfere with C&F's business relations by "report[ing] C & F and their vendors to the Better Business Bureau and anyone else that will listen and report." *See* Exhibit G.

40. On March 30, 2017, OBA sent a cease and desist letter to C&F's counsel. In the letter, OBA alleged that C&F is infringing OBA's trademark rights in the A MERMAID SLEEPS HERE mark. Specifically, OBA alleged that C&F is in violation of the Lanham Act, 15 U.S.C. § 1114. OBA further stated that OBA has "a significant investment in this particular trademark and intend to enforce its legal rights." OBA threatened to seek "injunctive relief and recovery of profits and damages from the infringer." *See* Exhibit A.

## CLAIMS FOR RELIEF

### COUNT I
**(Declaratory Judgment of Non-Infringement of Trademark)**

41. C&F repeats and realleges the allegations set forth in paragraphs 1-40 above.

42. This is an action for declaratory judgment and further relief against OBA pursuant to 28 U.S.C. §§ 2201 and 2202.

43. OBA has alleged, and C&F denies, that C&F's "Mermaid sleeps here" decorative pillow infringes OBA's federally registered trademark, U.S. Trademark Reg. No. 5,052,861.

44. OBA's multiple emails and subsequent cease and desist letter alleging infringement create a reasonable apprehension by C&F that OBA will seek to affect C&F's rights and/or file a lawsuit against C&F asserting trademark infringement claims under 15 U.S.C. § 1051, *et seq*.

45. There exists an actual and justiciable controversy between C&F and OBA as to whether C&F infringes OBA's alleged trademark.

46. As set forth above, C&F seeks a declaration of non-infringement for several alternative reasons:

    a. OBA does not have the exclusive right to use the phrase A MERMAID SLEEPS HERE as a decorative, ornamental, or otherwise functional feature on pillows, embroidered pillows, accent pillows, or throw pillows;

    b. There is no likelihood of confusion between C&F's use of these non-source identifying elements and OBA's alleged rights in the mark.

47. C&F also seeks a declaration that so long as C&F's products do not use the phrase "A MERMAID SLEEPS HERE" on a *label* of a pillow, embroidered pillow, accent pillow, or throw pillow, the parties' uses of the mark are sufficiently distinct so as to preclude any cognizable consumer confusion or harm to OBA's goodwill.

## COUNT II
**(Cancellation of U.S. Trademark Reg. No. 5,052,861)**

48. C&F repeats and realleges the allegations set forth in paragraphs 1-47 herein.

49. This is an action pursuant to 15 U.S.C. §§ 1064 and 1119 for cancellation of OBA's trademark registration U.S. Trademark Reg. No. 5,052,861 for the phrase A MERMAID SLEEPS HERE.

50. The registration is subject to cancellation because OBA's registration of the mark A MERMAID SLEEPS HERE is *void ab initio* and was obtained fraudulently. After OBA's initial specimen showing use of the mark as a decorative or ornamental feature of the pillow was rejected, OBA created a new specimen showing the mark on a tag of the pillow. But after

receiving the registration, OBA continued using the mark merely as a decorative or ornamental feature of the pillow, and not as a brand identifier. But for OBA's misrepresentation of OBA's use of the mark, OBA's application would have been refused.

51. Registration of the claimed trademark is causing, and will continue to cause, damage to C&F and others because the registration unfairly provides OBA with *prima facie* evidence of the exclusive right to use the claimed trademark in connection with OBA's goods. This harm is particularly odious in view of OBA's failure to itself use the claimed trademark as an identifier of the source of goods.

52. Based on the foregoing, C&F is entitled to an order pursuant to 15 U.S.C. § 1119 directing the Director of the Trademark Office to cancel U.S. Trademark Reg. No. 5,052,861.

## COUNT III
### (Declaratory Judgment of Non-Infringement of Copyright)

53. C&F repeats and realleges the allegations set forth in paragraphs 1-52 herein.

54. This is an action for declaratory judgment and further relief against OBA pursuant to 28 U.S.C. §§ 2201 and 2202.

55. OBA has alleged, and C&F denies, that C&F's "Mermaid sleeps here" decorative pillow infringes OBA's copyright.

56. OBA's multiple emails alleging infringement create a reasonable apprehension by C&F that OBA will seek to affect C&F's rights and/or file a lawsuit against C&F asserting copyright infringement claims under 17 U.S.C. §§ 106 and 501.

57. There exists an actual and justiciable controversy between C&F and OBA as to whether C&F infringes OBA's alleged copyright.

58. C&F seeks a declaration of non-infringement for several alternative reasons:
   a. OBA's pillow with the phrase A MERMAID SLEEPS HERE is not an infringement of and/or substantially similar to C&F's pillow with the phrase "MERMAID sleeps here," at least because the total concept and feel of the two pillows are not substantially similar. The pillows are different shapes, use

different colors, use different fonts, have different combinations of upper- and lower-case letters, have differently sized letters, and have different text layouts;

b. C&F did not copy OBA's design; instead, C&F independently created its "MERMAID sleeps here" pillow, and therefore C&F does not infringe any rights OBA might have;

c. Any copyright OBA has in its pillow design is deserving of only thin copyright protection, and therefore the differences between OBA's pillow design and C&F's pillow negate any possibility of infringement.

## COUNT IV
**(Declaratory Judgment of Invalidity of an Enforceable Copyright)**

59. C&F repeats and realleges the allegations set forth in paragraphs 1-58 herein.

60. This is an action for declaratory judgment and further relief against OBA pursuant to 28 U.S.C. §§ 2201 and 2202.

61. OBA has alleged, and C&F denies, that C&F's "Mermaid sleeps here" decorative pillow infringes OBA's copyright.

62. OBA's multiple emails alleging infringement create a reasonable apprehension by C&F that OBA will seek to affect C&F's rights and/or file a lawsuit against C&F asserting copyright infringement claims under 17 U.S.C. §§ 106 and 501.

63. There exists an actual and justiciable controversy between C&F and OBA as to whether C&F infringes OBA's alleged copyright.

64. C&F seeks a declaration of invalidity of an enforceable copyright for several alternative reasons:

a. OBA does not have a valid copyright registration;

b. OBA's pillow is not protected by copyright, at least because OBA's claimed design does not meet the required elements for a valid copyright.

## COUNT V
### (Declaratory Judgment of Unenforceability of Asserted Copyright)

65. C&F repeats and realleges the allegations set forth in paragraphs 1-64 herein.

66. This is an action for declaratory judgment and further relief against OBA pursuant to 28 U.S.C. §§ 2201 and 2202.

67. OBA has alleged, and C&F denies, that C&F's "Mermaid sleeps here" decorative pillow infringes OBA's copyright.

68. OBA's multiple emails alleging infringement create a reasonable apprehension by C&F that OBA will seek to affect C&F's rights and/or file a lawsuit against C&F asserting copyright infringement claims under 17 U.S.C. §§ 106 and 501.

69. There exists an actual and justiciable controversy between C&F and OBA as to whether C&F infringes OBA's alleged copyright.

70. C&F seeks a declaration of unenforceability of OBA's asserted copyright for several alternative reasons:

   a. OBA does not have a valid copyright registration;

   b. OBA's pillow is not protected by copyright;

   c. Any copyright OBA has in its pillow design is unenforceable, at least because OBA's claimed design does not meet the required elements for a valid copyright.

## COUNT VI
### (Tortious Interference with Contractual Relations and Business Expectancy)

71. C&F repeats and realleges the allegations set forth in paragraphs 1-70 herein.

72. This is an action for relief against OBA for tortious interference with contractual relations and business expectancy.

73. On information and belief, OBA has willfully and maliciously injured C&F's reputation, trade, and business relations, at least by contacting C&F's customers with baseless allegations of trademark and copyright infringement, and further by threatening C&F's

customers with legal action if C&F's customers continue to buy and sell C&F's allegedly infringing product.

74. C&F has existing valid contractual relationships and business expectancy with its customers.

75. On information and belief, OBA knows that C&F has existing valid contractual relationships and business expectancy with its customers.

76. On information and belief, OBA intentionally interfered with C&F's existing valid contractual relationships and business expectancy with its customers in an attempt to induce a breach or termination of the relationship or expectancy, at least because OBA intentionally sent emails to C&F and C&F's customers.

77. On information and belief, OBA used improper methods in its attempt to interfere with C&F's existing valid contractual relationships and business expectancy, at least because OBA threatened to enforce trademark rights in a manner inconsistent with the scope of the protection accorded to OBA by its trademark registration. OBA is particularly culpable because OBA knew its trademark rights did not cover the use OBA sought to proscribe, at least because OBA knew the U.S. Patent and Trademark Office rejected OBA's application for trademark protection over that exact type of use.

78. OBA's wrongful actions have resulted in C&F incurring a loss of good will in C&F's business as OBA has damaged C&F's reputation and C&F's relationships with its clients. Specifically, OBA's acts damaged C&F's reputation and disrupted C&F's relationships or business expectancy with C&F's customers, at least by OBA's (i) by threatening legal action against C&F's customers if those customers continued to buy or sell at least one of C&F's products; (ii) by threatening to report these C&F's customers to the Better Business Bureau if these C&F's customers continued to buy or sell at least one of C&F's products; and (iii) by threatening to otherwise harm the reputation of these C&F's customers if they continued to buy or sell at least one of C&F's products.

79. Absent OBA's intentional actions, C&F's reputation and C&F's relationship with its clients would not have been damaged.

### Request for Relief

WHEREFORE, C&F respectfully requests that this Court enter judgment in its favor and against OBA:

    a. Declaring that C&F's use of the phrase MERMAID SLEEPS HERE as a decorative or ornamental feature of a pillow does not infringe, and at all times has not infringed, OBA's claimed trademark rights in the same;

    b. Declaring that so long as C&F does not use the mark A MERMAID SLEEPS HERE as a source indicator on a label of a pillow, embroidered pillow, accent pillow, or throw pillow, there is no infringement of Defendant's Mark;

    c. Ordering that U.S. Trademark Reg. No. 5,052,861 be cancelled and directing the Clerk of Court to transmit notice of the Order to the Director of the Trademark Office of the United States Patent and Trademark Office;

    d. Declaring that C&F's "MERMAID sleeps here" pillow does not infringe, and at all times has not infringed, OBA's alleged copyright rights in the same;

    e. Declaring that C&F does not have valid copyright in A MERMAID SLEEPS HERE on a pillow, embroidered pillow, accent pillow, or throw pillow;

    f. Granting an injunction restraining and enjoining OBA from further interfering with C&F's contracts and business expectancy;

    g. Awarding C&F monetary damages based on OBA's tortious interference with C&F's contracts and business expectancy; and

   h.  Awarding C&F further relief or remedy as the Court deems just and proper.

### Demand for Jury Trial

C&F demands a jury trial on all issues so triable.

* * *

Dated: May 1, 2017       Respectfully submitted,

       By: */s/ Ross Dannenberg*
       Ross A. Dannenberg
       Virginia Bar No. 45,299
       **Attorney for C&F Enterprises, Inc.**
       Banner & Witcoff Ltd.
       1100 13th St. NW, Suite 1200
       Washington, DC 20005
       Tel: (202) 824-3000
       Fax: (202) 824-3001
       rdannenberg@bannerwitcoff.com

       R. Gregory Israelsen *(pro hac vice forthcoming)*
       Illinois Bar No. 6313111
       **Attorney for C&F Enterprises, Inc.**
       Banner & Witcoff Ltd.
       1100 13th St. NW, Suite 1200
       Washington, DC 20005
       Tel: (202) 824-3000
       Fax: (202) 824-3001
       risraelsen@bannerwitcoff.com